IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HEIDICKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASABI ENTERTAINMENT, et al.,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [5] MOTION FOR ALTERNATIVE SERVICE UNDER RULE 4(f)(3)<br><br>Case No. 2:24-cv-00713-CMR<br><br>Magistrate Judge Cecilia M. Romero |

## BACKGROUND

Before the court is Plaintiff Christian McKay Heidicker's (Plaintiff) ex parte Motion for Alternative Service (Motion) (ECF 5). Plaintiff seeks to serve Defendants Wasabi Entertainment (Wasabi) and Paul Pattison (Pattison) (collectively, Defendants) via email. Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests alternative service solely through Pattison. As set forth below, the court GRANTS the Motion.

## LEGAL STANDARDS

The purpose of the Hague Service Convention is to "simplify, standardize, and generally improve the process of serving documents abroad." *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1293 (10th Cir. 2020) (quoting *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017)). "[P]rovided the State of destination does not object, the [Hague Service] Convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad, or with the freedom of certain individuals to effect service of judicial documents directly through judicial officers, officials or other competent persons in the State of destination." *Id.* (quoting 20 U.S.T. 361, art. 10(a)–(c)).

Evaluating alternative service under the Hague Service Convention requires the court to examine Rule 4 of the Federal Rule of Civil Procedure. *Id.* Federal Rule of Civil Procedure 4(h)(2) states that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Unless there is an internationally agreed means of service, an individual in a foreign country may be served under either Rule 4(f)(2) or 4(f)(3). *Id.* R. 4(f).

Courts have concluded that Rule 4(f) does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3). *Love-Less Ash Co. v. Asia P. Constr., LLC*, No. 2:18-CV-00595-CW-DAO, 2021 WL 3679971, at *2 (D. Utah Aug. 19, 2021) (citing *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Subsection (f)(3) permits service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service under Rule 4(f)(3) has two requirements: (1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited by international agreement." *Rio Props*, 284 F.3d at 1015.

Regarding the first requirement for service under Rule 4(f)(3), the Supreme Court holds that due process requires service of process that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Ultimately, and in compliance with international agreement, the decision to order service of process under Rule 4(f)(3) is "committed to the sound discretion of the district court." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012)).

## DISCUSSION

Plaintiff filed this action against Defendants asserting various claims based on Defendants' alleged misappropriation of his name and likeness and breach of a Rights Agreement between Wasabi and Plaintiff (ECF 1 at 5). Plaintiff is an individual residing in Salt Lake County, Utah (*id.* at 1). Plaintiff asserts that Wasabi is a foreign corporation with its principal place of business in Toronto, Canada, and Pattison is a citizen of Toronto, Canada (*id.* at 1–2). Plaintiff claims to have been unable to locate a physical address for Defendants and that Defendants "have notice of this dispute and have been evasive" (ECF 5 at 4-5). Plaintiff now seeks alternative service claiming that Defendants "have received and responded to emails from the Plaintiff and his agents" and pointing to evidence of email communications with Pattison (ECF 5 at 4). (*id.* at 4). Plaintiff asks the court to permit alternative service of the complaint and summons to Wasabi and Pattinson via Pattison's email address: paul@wasa.bi (ECF 5 at 4; ECF 5-1 at 3). Although Plaintiff does not specify whether Pattison is an agent or principal of Wasabi, the Rights Agreement suggests this is the case because it was signed by Pattison on behalf of Wasabi using the following email address: paul@reli.sh (ECF 1-1 at 4).

First, service of process through email meets the first requirement of Rule 4(f)(3) because it comports with constitutional notions of due process. Courts have previously allowed service to by email. *See Blackbird Capital LLC v. Worth Group Capital, LLC*, No. 2:21-CV-00037, 2022 WL 464234 (D. Utah Feb. 15, 2022) (permitting service by email on defendant who was believed to be located in Canada). Additionally, service to the principal of a business is a method reasonably calculated to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314; *see also Aplion Holdings v. Diversity Wound Solutions*, No. 2:20-cv-00139 (D. Utah Apr. 27, 2020), ECF 7 at 2 (finding email service through principal to be an appropriate means of alternative service).

Here, as alleged in Plaintiff's Motion, service cannot be properly effectuated due to Defendants' alleged avoidance of service (ECF 5 at 4). In *Blackbird Capital*, the court found service to defendant's email proper when plaintiff believed defendant was "avoiding service" and plaintiff had previously communicated with defendant through "email address in the past." *Id.* at *1–2. In the present case, the court has reason to believe Defendants are avoiding service, and Plaintiff has previously communicated with Pattison via email (ECF 5 at 4), making email the next best method reasonably calculated to provide all Defendants with notice of this action and an opportunity to respond.

Second, service of process via email also satisfies the second requirement of Rule 4(f)(3) because the method of alternative email service requested by Plaintiff is not prohibited by international agreement. Canada is a "signator[y] to the Hague Convention," which "does not expressly prohibit service by email." *See Blackbird Capital*, 2022 WL 464234, at *2; *see also See* Hague Conference on Private International Law, https://www.hcch.net/index.cfm?oldlang=en&act=authorities.details&aid=248 (last visited Nov. 6, 2024). For these reasons, the court finds that service on Pattison as requested by Plaintiff comports with the requirements for due process and is permissible service under Rule 4(f)(3).

## CONCLUSION AND ORDER

Having considered the Motion, and for good cause appearing, IT IS HEREBY ORDERED:

(A) The Motion is GRANTED.

(B) Plaintiff shall have seven days from the date of this order to complete service on Defendants.

(C) Plaintiff may effect service of its complaint on Defendants by sending the complaint to Pattison's email addresses: paul@wasa.bi; paul@reli.sh, with a "request read receipt" and "request a delivery receipt" function applied.

(D) A copy of this signed Order Granting Motion for Alternative Service must be served with the Summons and Complaint.

(E) Service of the summons and complaint will be complete once Plaintiff receives confirmation that the summons and complaint have been sent to Pattison.

(F) Plaintiff shall file a declaration or proof of service once service is complete.

IT IS SO ORDERED.

DATED this 15 April 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah